

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Griffin v. DeRosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Griffin v. DeRosa" (2005). *2005 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2785
_____

WILLIE J. GRIFFIN,

Appellant
v.

C.J. DEROSA, Ft. Dix Warden;
BABCOCK, Captain, Ft. Dix;
WRIGHT, Lt., et al.

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-05597)
District Judge: Honorable Robert B. Kugler

_____


Submitted Under Third Circuit LAR 34.1(a)
August 10, 2005

Before:   ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: November 3, 2005)
_____

OPINION
_____


PER CURIAM

    Appellant, Willie J. Griffin, appeals from the District Court's order dismissing his

complaint under 28 U.S.C. § 1915(e)(2).  We will affirm.

In November 2003, Griffin filed a civil rights complaint alleging that the absence of security during a blackout at FCI-Fort Dix, during which a riot erupted, constituted deliberate indifference to his safety in violation of the Eighth Amendment. Griffin also alleges that he has been subjected to cruel and unusual punishment because the restrooms in the prison do not have ventilation and he has been exposed to "environmental tobacco smoke" ("ETS") in the restrooms for the past twenty months. The District Court dismissed his in forma pauperis complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Accordingly, "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The District Court did not err in holding that Griffin did not state a claim for failure to protect. To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).

2

Griffin asserts that, during the 10-hour blackout, correctional officers locked all of the fire escape doors and abandoned the building. Fire alarms sounded and lights flashed for approximately six hours, but prison officials failed to respond to the alarms. Griffin also states that inmates were screaming, urinating and defecating all over the bathrooms throughout this period. As a result, he slipped in a pool of urine on the floor and another inmate stepped on him. Griffin asserts that he feared for his life during the incident, and that he now suffers from insomnia. Under ordinary conditions, Griffin may have been able to establish that slipping in a pool of urine on a restroom floor posed a substantial risk. Because he concedes that this was an emergency blackout due to a power failure, however, we conclude that his pleadings are insufficient to show that the officers were deliberately indifferent.

The District Court also did not err in holding that Griffin failed to state a claim based on ETS exposure. Liability based on exposure to ETS requires proof of (1) exposure to unreasonably high levels of ETS contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure to ETS. Helling v. McKinney, 509 U.S. 25, 35 (1993). Griffin alleges that, over a period of twenty months, he has been exposed to ETS in inadequately ventilated restrooms. He also claims that every time he goes to any prison restroom, he finds at least eight to ten inmates smoking there. Griffin does not allege that he was exposed to levels of ETS that pose an unreasonable risk of damage to his future health. Compare, e.g., Helling, 509

3

U.S. at 35 (holding that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from ETS exposure), and Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir. 2003) (holding that a prisoner who claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right) with Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS) and Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'").

For the foregoing reasons, we will affirm.