In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-3745

ROOSEVELT BURRELL,

*Plaintiff-Appellant*,

*v.*

MARVIN POWERS,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00 C 940--**William D. Stiehl**, *Judge.*

———————

ARGUED OCTOBER 27, 2005—DECIDED DECEMBER 9, 2005

———————

Before RIPPLE, KANNE and WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Roosevelt Burrell brought this § 1983 action against Dr. Marvin Powers, the medical director of Tamms Correctional Center ("Tamms") where Mr. Burrell is an inmate. Mr. Burrell alleged that Dr. Powers was deliberately indifferent to his medical needs and therefore violated the Eighth Amendment's prohibition of cruel and unusual punishment. The district court converted Dr. Powers' motion to dismiss into a motion for summary judgment and dismissed the action for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The court also awarded summary judgment to Dr. Powers on the alternative ground that the record did not establish Dr. Powers' deliberate indifference. Mr. Burrell has appealed. For the reasons set forth in the following opinion, we affirm, with modification, the judgment of the district court.

# I

## BACKGROUND

### A. Facts

Shortly before beginning his prison sentence, Mr. Burrell suffered five near-fatal gunshot wounds. The treating physicians were able to remove only one of the five bullets that had entered Mr. Burrell's body. These doctors advised him that the bullets could safely remain in his body, but that he must undergo periodic X-rays to monitor their location. Because the bullets were lodged close to vital organs, their movement within Mr. Burrell's body could place his health in serious jeopardy.

After serving fourteen years in several other prisons, Mr. Burrell was transferred to Tamms in 1998. While at this institution, Mr. Burrell submitted several resident request forms that requested X-ray monitoring of the bullets lodged in his body. Mr. Burrell also submitted resident requests that sought treatment for a severe skin condition and a sharp pain in his left foot. He was seen by a physician and nurses for his skin condition; topical cremes were prescribed. On at least three occasions, he was also treated by a physician and nurses for his foot pain. However, Mr. Burrell never was treated by a physician for his bullet wounds, and Tamms officials refused to take X-rays to monitor the locations of the lodged bullets.

Mr. Burrell filed a committed person's grievance report with Tamms officials on August 2, 2000, that included complaints regarding inadequate medical care for his skin condition, foot pain and bullet wounds. Upon recommendation from the Grievance Officer assigned to Mr. Burrell's case, Warden George Welborn denied the grievance on October 16, 2000. Mr. Burrell did not further appeal this decision to the Administrative Review Board ("ARB").

## B.  District Court Proceedings

The district court converted Dr. Powers' motion to dismiss into a motion for summary judgment because the parties relied upon materials outside of the pleadings. *See* Fed. R. Civ. P. 12(b). As required by Rule 12(b), the district court allowed both parties to submit additional materials. After reviewing the pleadings, Mr. Burrell's grievance forms and an affidavit from the chairperson of the ARB, the district court held that Mr. Burrell had failed to exhaust his administrative remedies and, alternatively, that his claim of deliberate indifference failed as a matter of law.

## II

## DISCUSSION

Section 1997e(a) of the PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit

in federal court. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

The Illinois Department of Corrections has a three-step grievance procedure. *See* Ill. Admin. Code tit. 20, § 504.800 et seq. (detailing grievance procedure). If a prisoner has a grievance or complaint, he must first seek the assistance of an inmate counselor. *Id.* § 504.810. If the prisoner's complaint remains unremedied despite the help of a counselor, the prisoner may then file a written grievance. *Id.* The written grievance is reviewed by a grievance officer who submits a recommendation to the chief administrative officer—in Mr. Burrell's case the warden. Finally, if the warden denies the prisoner's grievance, the prisoner has 30 days in which to appeal the warden's decision to the Director, who then may order a hearing before the ARB. *Id.* § 504.850.

The record makes clear that Mr. Burrell never appealed fully the denial of his grievances and, therefore, failed to exhaust his administrative remedies. Mr. Burrell's Response to Dr. Powers' motion to dismiss attaches a number of "Committed Person Grievance Reports" that document the filing of Mr. Burrell's grievances with Tamms officials. After denial of his grievances by the warden, Mr. Burrell received grievance officer's reports. Each one of these reports contained a text-box captioned "Committed Person's Appeal to the Director," which provided a line for Mr. Burrell to sign and date in order to "appeal[] the Chief Administrative Officer's decision to the Director, via the Administrative Review Board." *Id.* Mr. Burrell's signature does not appear on this line in any of the three Grievance Officer's Reports attached to Mr. Burrell's pleadings. *See id.* On this record, the district court correctly concluded that Mr. Burrell never appealed the denial of his grievances. Mr.

Burrell offers no evidence to refute this conclusion. Nor does he even argue in his appellate briefing that he ever sought review of his grievance denials within the prison system.[1]

For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dixon v. Page*, 291 F.3d 485, 490 (7th Cir. 2002) (holding that, because prisoner did not appeal the dismissal of his grievance to the Director, he failed to exhaust his administrative remedies). In this case, Mr. Burrell's failure to take a timely administrative ap-

---

[1] Instead, Mr. Burrell makes something akin to a waiver argument. He contends that Dr. Powers has not argued until this appeal that Mr. Burrell failed to appeal his grievances. According to Mr. Burrell, Dr. Powers argued in his motion to dismiss not that Mr. Burrell failed to appeal, but that he had submitted no grievance at all pertaining to the denial of medical care.

Dr. Powers' arguments for dismissal were indeed imprecise; despite stating that "[Mr. Burrell] has failed to file any grievance during 1999 with the Illinois Department of Corrections," R.62 at 4, Dr. Powers seemed to have meant that Mr. Burrell never grieved his complaints to the review board. Nevertheless, Dr. Powers provided the district court with the affidavit of Nancy Tucker, an Illinois prison official, which described Mr. Burrell's failure to appeal his denied grievances to the ARB. This affidavit provided a sufficient basis for the district court to rule that Mr. Burrell had failed to exhaust his administrative remedies. We may therefore affirm the district court on that basis. *Taylor v. Canteen Corp.*, 69 F.3d 773, 784 (7th Cir. 1995) ("[W]e may affirm the judgment of the district court on the basis of any ground supported by the record.").

peal within the state system means that he has failed to exhaust his state remedies for purposes of § 1997e(a). Dismissal was therefore proper. However, that dismissal should be without prejudice to Mr. Burrell's initiating another action if he deems it appropriate after he has exhausted administrative remedies.[2] *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust."); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice") (emphasis in original).

## Conclusion

Because Mr. Burrell had failed to exhaust his administrative remedies before filing his complaint, this action was properly dismissed. However, the dismissal should have been without prejudice.

AFFIRMED as MODIFIED

---

[2]   Because administrative remedies have not been exhausted, we express no opinion on the merits.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*