**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 12, 2008[*]
Decided March 13, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-1490

| | |
|---|---|
| MICHAEL WHITENER,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>EDWIN BUSS, et. al,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.<br><br>No. 3:06cv291 RM<br><br>Robert L. Miller, Jr.,<br>*Chief Judge*. |

### O R D E R

Indiana inmate Michael Whitener brought suit under 42 U.S.C. § 1983 claiming that the superintendent of the Indiana State Prison and three prison officers violated his Eighth Amendment rights by confining him in a prison cell with a defective ceiling that eventually fell and injured him. The district court granted the defendants' motion for summary

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

judgment, reasoning that Whitener had failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a). Whitener appeals, and we affirm the judgment.

It is undisputed that in July 2005 the superintendent ordered Whitener placed in solitary confinement. While in solitary Whitener complained several times that his cell was structurally unsound. When the plaster ceiling collapsed and injured Whitener, he was moved to another cell. More than a week later, he filed a prison grievance alleging that he was injured because unnamed officers he told about the ceiling had done nothing. Whitener's grievance was rejected as untimely.

In his federal complaint Whitener identified three officers (all defendants) who allegedly knew about the ceiling. The defendants countered at summary judgment that their investigation had established that plaster and debris did fall from the ceiling but only because Whitener was chipping away at it. More importantly, though, the defendants submitted uncontroverted evidence that prison regulations require grievances to be submitted within 48 hours of an incident (not including weekends and holidays), and that Whitener missed that deadline by a week. Whitener responded that he did his best to submit a timely grievance; he contended that prison officials made it impossible for him to comply with the 48-hour deadline because, following his transfer, he was unable to determine the names of the officers he told about the ceiling so that he could name them in his grievance. Whitener argued that he faced a "Catch-22" because he could not comply both with the time limit for filing a grievance and a different requirement that he name the officers involved. The defendants submitted evidence, however, that Whitener could have requested that the 48-hour limit be waived, but he did not.

We review a grant of summary judgment de novo. *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007). Whitener first argues that exhaustion under the PLRA should not be subject to prison procedural requirements, but it is well established that inmates must comply with prison rules and procedures governing grievances, including time limitations. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Whitener also argues that his transfer to another cell after his injury prevented him from complying with the 48-hour deadline because in that brief time it was impossible for him to learn the names of the officers involved in the incident. Whitener presented no evidence that a timely grievance would not have been considered if it did not name the officers, but the defendants have not disputed that names were required, so we presume that they were. Still, there is no evidence that his relocation kept Whitener from meeting the time limit even if he didn't already know the names of the officers he allegedly told about

the ceiling.  Indeed, Whitener submitted no evidence that he *tried* to learn the names during the 48-hour period.  In any event, Whitener could have requested that prison officials waive the time limitation, but did not.  This is not a case where prison officials made their grievance procedures effectively "unavailable" by preventing the inmate from complying. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Doyle v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).   Rather, Whitener is simply trying to justify the untimely submission of his grievance after the fact.

We agree with the district court that Whitener's failure to exhaust his administrative remedies is undisputed.  Exhaustion was required before Whitener could proceed with his federal lawsuit, so the district court was correct to dismiss it.  *See Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir.  2005).

AFFIRMED.