NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2010[*]
Decided May 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2391

| | |
|---|---|
| DERRICK CANADY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | 07 C 5028 |
| DERRICK DAVIS, et al., | |
| *Defendants-Appellees*. | Matthew F. Kennelly, |
| | *Judge*. |

## O R D E R

Derrick Canady filed this suit under 42 U.S.C. § 1983, claiming that while he was in pretrial detention at the Cook County Jail, Correctional Officer Derrick Davis used excessive force against him in violation of his Fourteenth Amendment rights. He further claimed that other correctional officers failed to intervene and that the officers' actions were part of a pattern and practice of misconduct established by Cook County. The district court granted

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

summary judgment for the defendants, finding that Canady failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). This appeal followed.

Because Canady appeals from a grant of summary judgment, we construe the facts and draw all inferences in his favor. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Canady was in his jail cell when Officer Davis was locking down the tier for the night. The two men began arguing, and Davis unlocked Canady's cell door to confront him. Canady continued to argue a bit but then tried to walk the other way. As he turned away though, Davis hit him on the side of his head, knocked him down, and beat him until he lost consciousness. He was taken to the hospital and treated for a broken jaw, as well as gashes and trauma to his head and face. While in the hospital, Canady described the incident to two internal affairs investigators for the Cook County Sheriff's Department, and as a result of this investigation Davis was fired.

Canady did not file a prisoner grievance about the incident, choosing instead to file only this lawsuit. The defendants moved for summary judgment based on Canady's failure to exhaust his administrative remedies; they relied in part on Canady's deposition in which he admitted that he knew of the grievance process and how to request a grievance form, and that he did not file a grievance because he believed the process to be futile. The district court granted the motion, rejecting Canady's contention that his participation in the internal affairs investigation satisfied the exhaustion requirements under the PLRA. The court then entered judgment for the defendants on Canady's claims.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." § 1997e(a). The term "prison conditions" as used in the PLRA, encompasses excessive-force claims such as Canady's. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Witzke v. Femal*, 376 F.3d 744, 751 & n.5 (7th Cir. 2004). A prisoner must exhaust administrative remedies even if he believes that the process is futile or requests relief that the administrative body does not have power to grant. *Booth v. Churner*, 532 U.S. 731, 734, 741 n.6 (2001); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006). The exhaustion requirement is strictly enforced, in part because it allows prison officials to promptly correct errors internally and to develop a factual record before a case moves to federal court. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001).

On appeal Canady, now proceeding pro se, concedes that he failed to exhaust his administrative remedies but contends for the first time that this omission should be excused because jail officials did not inform him of the grievance procedure and his attorney provided ineffective assistance by not making sure that he filed a grievance. Neither of

these arguments helps his cause. As the defendants correctly assert, Canady waived any argument about excusing exhaustion by not first raising the argument in his summary judgment response. *See Domka v. Portage County, Wis.*, 523 F.3d 776, 783 (7th Cir. 2008); *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720 (7th Cir. 2008). "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal.'" *Domka*, 523 F.3d at 783 (quoting *Liberles v. County of Cook*, 709 F.2d 1122, 1126 (7th Cir. 1983)). As for Canady's argument that his counsel was ineffective, there is no Sixth Amendment right to effective assistance of counsel in a civil case; Canady may raise complaints about his attorney only in a malpractice suit under state law. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Finally, we add one caveat: Canady's failure to exhaust should have resulted in a dismissal without prejudice. *See Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). While we uphold the district court's conclusion that Canady failed to exhaust his administrative remedies, we VACATE the judgment and REMAND with instructions to clarify that the case is dismissed without prejudice.