NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2137

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 11-cv-110-JPG-PMF |
| | |
| BELINDA AUTERSON, | J. Phil Gilbert, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Willie Griffin, a federal inmate, challenges the dismissal of his civil-rights lawsuit against a disciplinary hearing officer based on his failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). Because Griffin did not exhaust those remedies before he sued, we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The timing of Griffin's disciplinary hearing and administrative appeals in relation to this suit are not in dispute. Griffin was charged with violating prison rules by arguing with staff in late 2010 after they turned away two unapproved visitors. The disciplinary officer who reviewed the charges, Belinda Auterson, held a hearing in January 2011 and completed her report in April. She concluded that Griffin had been in an unauthorized area, had refused to obey staff, and had been insolent. Before Auterson finished her report, Griffin sued the guards for allegedly falsifying the charges against him. Once Auterson completed her report, Griffin added her as a defendant. (The other defendants were dismissed at screening, and Griffin does not challenge that dismissal.) Three months after adding Auterson, Griffin administratively appealed the disciplinary report, and the charges were remanded for a new hearing. After another round of appeals, prison staff expunged the charges in December 2011. Three months later, Auterson answered the complaint in this suit, raising her exhaustion defense.

Although Griffin initially was allowed to proceed in forma pauperis, the district court revoked that status after correctly determining that Griffin previously had incurred at least three strikes. 28 U.S.C. § 1915(g); *Griffin v. DeRosa*, No. 03-5597-RBK (D. N.J. June 4, 2004) (dismissing entire suit concerning prison blackout for failure to state claim), *aff'd* 153 F. App'x 851 (3d Cir. 2005); *Griffin v. Florida*, No. 03-13769-C (11th Cir. Nov 26, 2003) (ruling that appeal was frivolous); *Griffin v. Escambia Cnty. Sheriff's Dep't*, No. 3:03cv30-LAC-MD (N.D. Fl. July 10, 2003) (dismissing entire suit challenging transfer from state to federal custody for failure to state claim).

Auterson later moved for summary judgment, repeating that Griffin had failed to exhaust his administrative remedies before suing her, as required by § 1997e(a). She submitted affidavits showing that Griffin administratively appealed the disciplinary report three months after adding her as a defendant, leading to his eventual success in obtaining a new disciplinary hearing. Griffin opposed the motion, arguing that he had exhausted his administrative appeals before Auterson raised exhaustion as an affirmative defense in her answer. The magistrate judge in charge of discovery recommended dismissal based on Griffin's failure to complete the administrative grievance process before bringing suit. The district court adopted the recommendation and dismissed Griffin's suit without prejudice. After Griffin belatedly objected to the dismissal, the court reaffirmed its conclusion that dismissal was proper, noting that Griffin sued Auterson months before finishing the prison's grievance process, violating the exhaustion requirement of § 1997e(a).

On appeal Griffin maintains that because he had completed the administrative appeals process before Auterson raised her exhaustion defense, the district judge erred in dismissing his suit. But Griffin misunderstands § 1997e(a). The provision requires prisoners to exhaust administrative remedies before they file suit, not just before the exhaustion defense is raised. *See Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Exhausting before suing allows the prison administrators a chance to remedy possible mistakes before court intervention and ensures that prisoners concentrate on the grievance process, not litigation. *See Woodford v. Ngo*, 548 U.S. 81, 89–90 (2006); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Thus, even though Griffin did eventually exhaust his administrative remedies while this suit was pending, the court correctly dismissed his suit without prejudice. *See Ford*, 362 F.3d at 401 (explaining that "if the prisoner does exhaust, but files suit early" dismissal without prejudice is correct response so "the premature action may be followed by a new suit that unquestionably post-dates the administrative decision").

Griffin replies that, if exhaustion bars this suit, the district court would have dismissed it when the court screened his complaint adding Auterson as a defendant. But exhaustion is an affirmative defense that inmates need not anticipate and refute in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Here, moreover, the court could not have dismissed at screening the claim against Auterson because Griffin alleged in his amended complaint that he *had* completed the grievance procedure at the time of his April 2011 amendments adding Auterson as a defendant.

Griffin alternatively asserts that the district judge erred in dismissing the suit because, he says, the administrative appeals process was "unavailable" since it limited his potential monetary recovery. But the grievance process is available if it can offer any potential relief, even if it is not the prisoner's preferred remedy. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006). Here the administrative process offered Griffin some relief because it could—and did—expunge his disciplinary charges.

We have reviewed Griffin's remaining assertions, and they all lack merit.

AFFIRMED.