**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018[*]
Decided August 16, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3574

| | |
|---|---|
| VELTOR COTTON,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>STEVE CARPENTER and SARAH<br>CHAPMAN,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Terre Haute Division.<br><br>No. 2:17-cv-00287-JMS-MJD<br><br>Jane E. Magnus-Stinson,<br>*Chief Judge.* |

**O R D E R**

Veltor Cotton contends that when he was an inmate at the Wabash Valley Correctional Facility, officials there violated his right to due process by ordering him to pay the medical expenses of an inmate whom, the prison determined, he had stabbed. The district court entered summary judgment for the defendants, correctly ruling that Cotton had not exhausted his administrative remedies before suing. Thus, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

After the prison found Cotton guilty of "Battery with Serious Injury," it ordered him to pay all medical expenses of the battered prisoner, who suffered several stab wounds. Enforcing this order, the prison took $133 from Cotton's prison account and billed him for roughly $9,000. Cotton filed three grievances challenging this restitution order, but the prison denied each of them. The offender-grievance manual specifies that an offender "dissatisfied" with a "grievance response" may "appeal to the Department Offender Grievance Manager." Although Cotton asked to talk to prison administrators about the denials of his grievances, he never appealed any of the denials to the Offender Grievance Manager.

Several months after the prison denied his third grievance, Cotton sued Steve Carpenter and Sarah Chapman, the prison officials who had entered the restitution order against him. Identifying what he described as various deficiencies in the restitution order, Cotton asserted that the defendants deprived him of property without due process in violation of the Fourteenth Amendment. He also contended that this order violated Indiana's restitution statute, IND. CODE § 35-50-5-3.

The defendants moved for summary judgment on Cotton's federal-law claims, and the district court granted the motion. The court determined that by not appealing the denials of his grievances to the Offender Grievance Manager, Cotton did not exhaust his administrative remedies. The court observed that Cotton received a copy of the prison's grievance procedures when he entered the prison and that he did not assert that he could not appeal administratively the denials of his grievances. The court also ruled that even though Cotton sought to discuss these decisions with prison administrators, this effort did not cure his failure to appeal. Following the presumption that the district court will relinquish jurisdiction over supplemental state-law claims, *see RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012), the court dismissed the remaining state-law claims because it entered final judgment on his federal-law claims before trial.

On appeal, Cotton raises two unavailing challenges to the district court's ruling. First he argues that because he seeks relief (money) that is not available through the prison's grievance process, the requirement that he appeal the denials of his grievances was "rendered null." But the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006).

Second Cotton argues that he did not need to appeal administratively the denial of his grievances because his filings gave prison officials "a fair opportunity to address the problem that formed the basis" for his lawsuit. He relies on *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). But *Johnson* addresses a different issue: the level of detail necessary in a grievance to give prison officials notice of "the problem that will later form the basis of [a] lawsuit." *Id.* at 516–17. This decision does not state that filing a sufficiently detailed grievance relieves an inmate of the obligation under 42 U.S.C. § 1997e(a) to comply with other aspects of the exhaustion process. *See id.* To exhaust administrative remedies, a prisoner "must file complaints *and appeals* in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005) (emphasis added) (internal citation and quotation marks omitted). Cotton's requests to discuss the denials of his grievances with prison officials did not comply with the prison's requirement that he appeal these decisions. Therefore he did not exhaust his administrative remedies.

Cotton does not address the district court's decision to decline to exercise supplemental jurisdiction over his state-law claims, so we do not either.

                                                                                                        AFFIRMED