**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2020[*]
Decided May 11, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2319

| | |
|---|---|
| JOHN D. HAYWOOD, | Appeal from the United States District |
|    *Plaintiff-Appellant,* | Court for the Southern District of |
| | Illinois. |
|    *v.* | |
| | No. 3:18-CV-00525-NJR-GCS |
| RANDALL BAYLOR, | |
|    *Defendant-Appellee.* | Nancy J. Rosenstengel, |
| | *Chief Judge.* |

**O R D E R**

John Haywood, a prisoner at Lawrence Correctional Center in Illinois, filed a grievance with Illinois's Administrative Review Board, without first using the grievance procedures at his prison. After the Board advised Haywood to follow the standard grievance procedure at Lawrence for his complaint about an officer there, he brought this suit. Ruling that Haywood had failed to exhaust his remedies as required, the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

district court entered summary judgment against him. Haywood did not follow the Board's instructions on proper exhaustion, so we affirm.

In this suit, Haywood complains that he was treated inhumanely during his transfer from Menard Correctional Center to Lawrence in March 2016. Haywood requires wheelchair assistance because he is paralyzed from the waist down and had part of his left foot amputated. During his transfer, Haywood had to change buses at Logan Correctional Center. Haywood alleges that Randall Baylor, a correctional officer from Lawrence, refused to help, or to allow anyone else to help, Haywood board the new bus. As a result, Haywood had to crawl through mud and rain to get on the bus.

Shortly after arriving at Lawrence, Haywood filed a grievance with the Board. Prisoners may send grievances directly to the Board only in limited circumstances, including (as relevant to this case) when the grievance involves "issues from another facility." 20 ILL. ADMIN. CODE § 504.870(a). All other grievances must be filed at the inmate's assigned facility within 60 days of the incident and can be appealed to the Board only after addressed there by a counselor, a grievance officer, and the warden. 20 ILL. ADMIN. CODE §§ 504.810(a), 504.850(a); *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). Haywood's grievance described two incidents. First, it described how Baylor, the officer from his current facility, Lawrence, allegedly forced him to crawl through the mud during the bus change at Logan. Second, he asserted mistreatment by unnamed staff from Menard.

The Board responded a month later. It said that "no review could be done" for the portion of Haywood's grievance that pertained to "issues" from Lawrence: "As Offender Haywood is housed at Lawrence, all issues with Lawrence required Haywood to" file a grievance there, beginning with a local counselor, then a grievance officer, and then the warden. It "encouraged" Haywood to "review and follow" this procedure, which Haywood still had time to do. Next, "based on a total review of all available information," the Board "denied" the part of Haywood's grievance about Menard staff because Haywood did not identify anyone by name.

Haywood then sued under 42 U.S.C. § 1983. The district court dismissed his claims about the unnamed Menard staff (a decision he does not challenge on appeal), but it allowed him to proceed on an Eighth Amendment claim against Baylor. Baylor moved for summary judgment, contending that Haywood had failed to exhaust his administrative remedies. At a hearing before a magistrate judge, Haywood admitted that he did not refile his grievance with prison officials at Lawrence after the Board advised him to do so, even though his 60 days to file a grievance had not yet expired.

The magistrate judge recommended granting summary judgment to Baylor, reasoning that, even though the alleged wrongdoing occurred at Logan, the grievance rules called for Haywood to process his grievance at Lawrence, where Baylor worked. Haywood objected to the recommendation. He argued that the Board's decision was ambiguous and did not acknowledge that the alleged incident occurred at Logan. The district court rejected these arguments as previously unraised, adopted the recommendation, granted summary judgment to Baylor, and dismissed the case with prejudice.

Haywood timely appealed and, on the same day, also moved to alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. In his motion, Haywood argued that the district court had violated his constitutional right to access the courts by refusing to entertain his arguments. He also argued that the Prison Litigation Reform Act's exhaustion requirement was unconstitutional. The district court denied this motion, ruling that it had properly reviewed the magistrate judge's recommendation and that Haywood had waived any challenge to the Act by failing to raise it earlier. Once the court ruled, Haywood's notice of appeal became effective and secured jurisdiction in this court. *See* FED. R. APP. P. 4(a)(4)(A)(iv), 4(a)(4)(B)(i).

On appeal, Haywood first contends that the district court erred in ruling that he did not exhaust his administrative remedies. In Haywood's view, because the incident that he complained of occurred at Logan, he properly exhausted by presenting his grievance to the Board directly, rather than to staff at Lawrence. We review the district court's factual findings on exhaustion for clear error and its legal rulings de novo. *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018).

Haywood did not exhaust. Inmates may not sue about prison conditions under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Burrel v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005). An Illinois inmate may file a grievance directly with the Board when it "involves ... issues from another facility." 20 ILL. ADMIN. CODE § 504.870(a). We may assume, as Haywood argues, that this rule leaves open the theoretical possibility that an issue "involves ... another facility" if an officer from the inmate's current facility mistreats the inmate en route to that facility. But exhaustion procedures "need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). So this ambiguity alone does not invalidate it. And the Board told Haywood, before his time to complain had expired, that this rule meant that, because the officer involved worked at Haywood's current

facility, he needed to file his grievance there first. Nonetheless, Haywood refused to do so. "When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Id.* Because refiling was available to him, Haywood's failure to exhaust is not excusable. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (administrative procedure not "unavailable" when the prisoner could not obtain relief because he did not comply with procedural rules).

Our conclusion is consistent with our recent decision in *Williams v. Wexford Health Sources, Inc.*, --- F.3d ----, 2020 WL 2078986 (7th Cir. Apr. 30, 2020). In that case, an inmate who faced the prospect of imminent blindness from an untreated eye condition filed his grievance directly with his prison's warden. *Id.* at *1. He thought that he need not start his grievance with his counselor because the rules allowed inmates to go directly to the warden when they reasonably perceived an emergency. *Id.* Deeming the threat of blindness not an emergency, the warden required that the inmate start over with his counselor. *Id.* at *2. The inmate appealed to the Board, but the Board refused to consider the merits of his complaint because the inmate had not followed the standard grievance procedure. *Id.* We held that the warden and the Board had essentially, and impermissibly, created a new procedure to fill the void in the rules about how an inmate should respond to a decision that a grievance did not involve an emergency. *Id.* at *4. But here, the Board did not create a new rule. Rather, it reasonably construed an existing rule, concluding that a grievance involves "issues from another facility" only when the officer whom the inmate has accused is from another facility. And the Board did so in a manner that allowed Haywood time to exhaust his claim without risk to his health, as he faced no emergency.

Haywood argues, in the alternative, that his failure to exhaust should be excused because he could not reasonably have known that the Board considered his grievance about Baylor unexhausted. He observes that the Board said that it "denied" (rather than refused to review) his grievance "based on a total review of all available information." This is the same argument that Haywood attempted to raise for the first time in his objections to the magistrate's recommendation, but that was too late. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (arguments not made before a magistrate judge are waived). In any event, the argument does not hold water. Haywood is conflating two paragraphs in the Board's decision. The statement on which Haywood focuses came in the paragraph of the decision that resolved his complaints about Menard. The preceding paragraph explained that "no review could be done" with

regard to Haywood's complaints about Lawrence and how Haywood could properly obtain review of that complaint. This paragraph was not ambiguous.

We quickly address two final matters. First, Haywood contends that the district court improperly ignored his argument that the PLRA's exhaustion requirement is an unconstitutional denial of his First Amendment right to access the courts. But Haywood failed to raise this argument, even though he could have, before he moved to alter the judgment, so the district court could refuse to entertain it. *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018). At any rate, Haywood has reasonable access to the courts; the PLRA specifies how to access them. *See In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) ("[T]he right of access to the federal courts is not absolute."). Second, as Baylor correctly points out, we must modify the district court's judgment because, having decided that Haywood did not exhaust, the district court should have dismissed Haywood's claim *without* prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

We have considered Haywood's other arguments, and none has merit. Therefore, the judgment, MODIFIED to be without prejudice, is AFFIRMED.