Wussow, Respondent, vs. GAIDA and another, Appellants.*

*September 11—October 14, 1947.*

* Motion for rehearing denied, with $25 costs, on December 23, 1947.

*Orville S. Luckenbach* of Shawano, for the appellants.

For the respondents there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederick Eberlein*.

FAIRCHILD, J.    When a suit is brought in equity, the court will not retain jurisdiction to grant legal relief only where it clearly appears from the pleadings or develops on the trial: That there is no ground, growing out of the transaction involved, on which to base the existence of an equitable cause of action prior to the commencement of the action; that good faith is lacking; that such equitable relief cannot be had and the constitutional right of trial by jury would be denied by retaining the action and granting legal relief; that the ends of justice will not be best served by retaining the cause for final determination.    *McLennan v. Church* (1916), 163 Wis. 411, 158 N. W. 73; *Stockhausen v. Oehler* (1925), 186 Wis. 277, 201 N. W. 823; *Clark v. Sloan* (1934), 215 Wis. 423, 254 N. W. 653.

The following statement of the established facts shows that neither the pleadings nor the affidavits disclose any right in respondent to the equitable relief sought in this action and that the granting of summary judgment was error.

On June 6, 1946, respondent entered into a lease with the Shawano county airport committee of the property known as the Shawano Municipal Airport for a period of five years at an agreed rental.    By the terms of the lease respondent was to

carry insurance for airport liability and property damage and was to devote his personal and full attention to its operation and to "have sole charge of said airport." The lease also contained this statement: "It is further agreed and understood that the party of the second part [respondent] shall have the income from the concessions and rentals. . . ."

This lease was made pursuant to sec. 114.14 (3), Stats. 1945. That section reads as follows:

"In carrying out its duties the airport commission may employ a manager who may be a member of the commission and fix his compensation (but no member of the commission shall vote on the question of his selection as manager nor on any question as to his compensation), and employ and fix the compensation of such other employees as may be deemed necessary; may make such contracts or other arrangements as may be deemed necessary for the construction, improvement, equipment, maintenance, or operation of the airport; may contract with the United States or any agency thereof; may contract with private parties for a term not to exceed ten years for the operation of the airport, including all necessary arrangements for the improvement and equipment and successful operation thereof. *Provided, that in no case shall the public be deprived of equal and uniform use of the airport. . . .*" (Italics ours.)

For about two years prior to the execution of this lease, appellant Kurt Gaida had operated the Gaida Aircraft Sales Company on land adjacent to the airport, and had used the municipal airport for landing and taking off. Appellant Kenneth Abert is the general manager and flight instructor for the Gaida Aircraft Sales Company. This company, in addition to being in the business of selling aircraft, gave flying instructions and taxi service, using the municipal airport for those purposes after the above lease had been entered into. It is against appellants' use of the municipal airport in giving flying instructions and taxi service that the respondent seeks

an injunction, claiming that the appellants by such use are forceably taking from him his rights under the contract and causing him great loss in profits and earnings.

On the motion for a temporary injunction, affidavits were submitted upon which the court denied the temporary injunction. The appellants thereupon filed an answer to the complaint. After issue was joined the respondent moved for summary judgment. Judgment was entered granting a permanent injunction. Damages were assessed as noted above.

In order for respondent to be entitled to a permanent injunction restraining appellants' commercial use of the airport, the respondent would have to have a clear right to its exclusive use for such purposes. Such a right he did not have. The lease itself does not attempt to give him the right to arbitrarily exclude members of the public from the use of the airport, as indeed it could not, for sec. 114.14 (3), Stats., clearly precludes the granting of such a right. That section provides that although contracts may be made with private parties for the operation of municipal airports, they may in no case deprive the public of equal and uniform use of the airports. The respondent argues that this condition applies only to private use, but no distinction between private or personal and commercial use can be read into the clear words of the statute. Accordingly, respondent does not have the exclusive right claimed by him to the commercial use of the Shawano Municipal Airport. Without such a right he was not entitled to an injunction restraining the appellants from using the airport.

We cannot on the record here be concerned with issues which have not arisen. The final answer to the immediate question must be arrived at in the light of this determination that respondent's right to equitable relief does not exist. We do not decide whether a cause of action at law may exist. The respondent has not presented such a case.

*By the Court.*—The summary judgment granted below is reversed. Cause remanded with directions to dismiss the complaint without prejudice to the respondent's rights, if any exist, to recover any compensation to which he may be entitled by reason of the use of the field by appellants.