In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1891

Miller Aviation,

Plaintiff-Appellee,

v.

Milwaukee County Board of
Supervisors, Robert Jackson,
Sheila Aldrich, et al.,

Defendants-Appellants,

and

Milwaukee County,

Defendant-Third/Party Plaintiff-
Appellant,

v.

Air Vehicle Transportation, LLC,

Third/Party Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 94 C 1329--Patricia J. Gorence, Magistrate Judge.

Argued September 7, 2001/1 --Decided November 27, 2001


   Before Bauer, Easterbrook, and Manion,
Circuit Judges.

   Manion, Circuit Judge.  Miller Aviation
owns and operates a corporate airplane
hangar on land that it leases from
Milwaukee County. Miller sued the
County/2 alleging that, during the
course of the lease, the County violated
numerous federal and state laws. After
five years of litigation, seven of
Miller's twelve claims were dismissed by
the district court on the pleadings or by
summary judgment. In its final order, the
district court declined to exercise
supplemental jurisdiction over Miller's
five remaining claims, as well as the
County's supplemental counterclaims and
third-party claims, remanding them
instead to state court pursuant to 28
U.S.C. sec. 1367(c)(3). The County

appeals the district court's remand of these claims. We reverse and remand.

I.

Miller Aviation is a Wisconsin partnership that owns and operates a corporate airplane hangar at General Mitchell International Airport. Miller's hangar is located on a parcel of land that it leases from Milwaukee County, a political subdivision of the State of Wisconsin. This lease prohibits Miller from subleasing any portion of the premises without the express written consent of the County,/3 or using the hangar for commercial purposes. Six months after executing this lease, Miller sought the County's permission to engage in various commercial activities at the hangar, and to sublease a portion of the facilities to third parties. The County refused to grant Miller's request due to the possible negative effects on the airport's commercial "fixed based operator."/4 Shortly thereafter, Miller initiated the underlying civil action claiming that the County's denial of its request constituted a violation of several federal and state laws, and was unreasonably withheld in breach of contract./5 At the heart of Miller's complaint is its contention that, since at least 1987, the County has treated general aviation lessees unequally, discriminating with regard to matters such as insurance coverage requirements, required size of leased property, duration of leases, and the right to perform minor and major maintenance in hangars. The County disputes these allegations, and contends that its reasons for denying Miller's request were reasonable and nondiscriminatory.

The procedural history of this case is lengthy, spanning over a period of five years. During this time, the district court held several hearings, considered numerous motions, oversaw a contentious discovery process, waded through countless briefs, and issued a host of orders--two of which are relevant to this appeal.

On November 10, 1997, the district court issued a detailed order partially granting the County's motion for judgment on the pleadings. This order resulted in the dismissal of four Miller claims./6

On March 6, 2000, the district court issued an exhaustive 71-page memorandum and order that dismissed three more of Miller's claims on summary judgment,/7 but remanded the remaining five,/8 as well as the County's state law counterclaims and third-party claims,/9 to state court pursuant to 28 U.S.C. sec. 1367(c)(3). The district court gave three reasons for remanding the remaining claims in this litigation: (1) when all federal claims are dismissed before trial, a district court should generally relinquish jurisdiction over pendent state law (i.e. supplemental) claims; (2) the resolution of these claims involves disputed factual issues;/10 and (3) the claims involve issues of state law that are most properly resolved by the state courts. The County appeals the district court's decision remanding the remaining claims in this case to state court.

II.

The County argues on appeal that the district court erred in remanding the remaining claims in this litigation to state court pursuant to 28 U.S.C. sec. 1367(c)(3). Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a [pendent state law] claim . . .  if . . . the district court has dismissed all claims over which it has original jurisdiction."/11 The County contends that the district court erred in remanding these claims for four reasons: (1) one of Miller's remaining claims was a federal claim that the district court was required to exercise jurisdiction over; (2) the other, supplemental claims could not be remanded by the district court, pursuant to sec. 1367(c)(3) without the court first disposing of the federal claim; (3) all of Miller's remaining claims are subject to dismissal as a matter of law; and (4) because the district court already expended a substantial amount of judicial resources, a remand of the remaining claims in this litigation forces the state court to unnecessarily duplicate this effort. We conclude that the district court erred in failing to retain jurisdiction over the remaining claims in this litigation, and in remanding them to state court.

A district court's supplemental

jurisdiction ruling under sec. 1367(c) is generally reviewed for an abuse of discretion. See, e.g., Groce v. Eli Lilly & Co., 193 F.3d 496, 499-500 (7th Cir. 1999). We review de novo, however, the underlying basis of a sec. 1367(c) remand to the extent that question is a legal one. See, e.g., Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 247 (3d Cir. 2000), cert. denied sub nom., Aetna U.S. Healthcare v. Lazorko, 121 S.Ct. 2552 (2001); Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1351 n.4 (11th Cir. 1998).

We begin our analysis in this case by addressing the County's contention that Miller's claim for "Violation of sec. 114.14, Wis. Stat., Subject to Constraints by Federal Law, 49 U.S.C.A. sec.40116" is a federal claim over which the district court had original, not supplemental, jurisdiction. In bringing this claim, Miller alleged the following:

That Milwaukee is empowered by the [sic] Wiscon-sin Law to "adopt regulations, and establish fees or charges," for the use of General Mitchell International Airport pursuant to sec. 114.14, Wis. Stat. or authorize an office, board or body to do so . . . . That Milwaukee in setting such fees is subject to the constraints of 49 U.S.C.A sec. 40116. That, as such, Milwaukee's fees and charges must be "reasonable rental charges . . . for airport facilities of an airport owned and operated by that State or subdivision" pursuant to 49 U.S.C.A. sec. 40116(e)(2). . . . That, as a result, Milwaukee has violated sec. 114, Wis. Stat. by charging the plaintiff unreasonable rental fees . . . . That as a result of the defendant's conduct, the plaintiff has been damaged . . . . R53, 28-29.

It is unclear from the face of the "well pleaded"complaint whether Miller is attempting to allege a state or federal claim--the complaint is captioned as a state law claim but the key allegation is that the County violated a federal statute. Miller confused the matter further with cryptic descriptions of the claim in the briefs it filed with the district court./12 Fortunately, we need not decide whether this claim is based on federal or state law because neither Wis. Stat. sec. 114.14 or 49

U.S.C. sec. 40116 provide Miller with a private right of action upon which relief can be granted./13 Whether a statute contains a private right of action is a question of law that we review de novo. See Resolution Trust Corp. v. Gallagher, 10 F.3d 416, 418 (7th Cir. 1993) (questions of statutory construction are subject to de novo review).

## A.  Wis. Stat. sec. 114.14

Wis. Stat. sec. 114.14 provides that "[t]he governing body of a city, village, town or county may adopt regulations, and establish fees or charges for the use of [an] airport or landing field . . . ." Miller alleges that the County violated sec. 114.14 by "charging [it] unreasonable rental fees." There is nothing in the text of sec. 114.14, however, explicitly providing for a private right of action to challenge any "fees or charges" established by municipalities pursuant to this statute. Therefore, Miller's claim under sec. 114.14 is viable only if the statute contains an implied private right of action.

Under Wisconsin law, "[a] determination of whether a statute creates a private right of action is dependent on whether there is a clear indication of the legislature's intent to create such a right." Grube v. Daun, 563 N.W.2d 523, 526 (Wis. 1997). The legislative intent to grant or withhold a private right of action for the violation of a statute, or the failure to perform a statutory duty, "is determined primarily from the form or language of the statute." Id. (citation omitted). Furthermore, "[t]he nature of the evil sought to be remedied, and the purpose it was intended to accomplish, may also be taken into consideration." Id. (citation omitted). Thus, "the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, is not subject to a construction establishing a civil liability." Id. (citation omitted). Accordingly, an implied private right of action does not arise under Wisconsin law unless "(1) the language or the form of the statute evinces the legislature's intent to create a private right of action, and (2) the statute establishes

private civil liability rather than merely providing for protection of the public." Id.

The language and form of sec. 114.14 do not suggest that the Wisconsin legislature intended to create a private right of action, but instead illustrate that the statute was designed to outline the manner in which municipalities are to manage their airports and landing fields, and to provide general protection to the public regarding same./14 Miller's failure to cite any such text on appeal, or in its trial briefs below, only reinforces our conclusion that this is indeed the case.

Miller argues that the County violated sec. 114.14 by violating sec. 40116(e)(2)'s requirement that "a State or political subdivision of a State may [only] levy or collect . . . reasonable rental charges, landing fees, and other service charges from aircraft operators for using airport facilities of an airport owned or operated by that State or subdivision." There is no textual basis in sec. 114.14 for such an assertion, as the statute neither refers to, nor incorporates by reference, 49 U.S.C. sec. 40116./15 As such, we conclude that sec. 114.14 does not provide for an implied private right of action upon which relief could be granted to Miller.

B. 49 U.S.C. sec. 40116 et seq. (The "Anti-Head Tax Act")

Likewise, Miller's claim also fails to state a cognizable federal cause of action under 49 U.S.C. sec. 40116. Section 40116 is part of the Anti-Head Tax Act ("AHTA"). There is no explicit grant of a private right of action in the AHTA. See, e.g., Northwest Airlines, Inc. v. County of Kent, Michigan, 510 U.S. 355, 365 (1994) (Supreme Court declined to consider whether AHTA contained an implied private right of action). A private right of action to enforce federal law must be created by Congress. See, e.g., Alexander v. Sandoval, 121 S.Ct. 1511, 1519 (2001). In Sandoval, the Supreme Court outlined the standards to be utilized by federal courts in evaluating whether a statute contains a private right of action, holding:

The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."

Sandoval, 121 S.Ct. at 1519-20 (citations omitted); see also National Organization for Women, Inc. v. Scheidler, 2001 WL 1158973, at *4 (7th Cir. October 2, 2001) (when interpreting the remedial provisions of a statute, this court's inquiry will begin and end with the statute's text, if the text is unambiguous).

Miller contends that the County charged it unreasonable rental fees in violation of sec. 40016(e)(2). The AHTA does not, however, set standards for assessing the reasonableness of fees and charges established by state municipalities, and, more importantly, there is nothing in the text of sec. 40116 granting a private remedy for violations of the statute. Because Congress' "statutory intent" is "determinative" on the question of whether a statute contains a private remedy, a private right of action cannot be implied with respect to the AHTA./16

The Tenth Circuit recently reached this same conclusion in Southwest Air Ambulance, Inc. v. City of Las Cruces, 2001 WL 1230611, *5 (10th Cir. October 16, 2001)./17 See also Air Transport Ass'n of America v. City of Los Angeles, 844 F. Supp. 555 (C.D. Cal. 1994). In addition to the absence of any statutory support for finding an implied private right of action in the AHTA, the Southwest Air Ambulance court noted that its conclusion was further supported by a provision in the Federal Aviation Act ("FAA") permitting "any person" to file a complaint with the Secretary of Transportation for violations of the AHTA (which is encompassed within the FAA). Id. at *6. We agree with the Tenth Circuit that "the fact that Congress

provided a means by which violations of the AHTA are 'fully enforceable through a general regulatory scheme'"/18 can be a relevant consideration in determining whether a statute provides for an implied private right of action. However, in doing so we note that while "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created . . . it may not create a right that Congress has not." Sandoval, 121 S.Ct. at 1522.

Because neither Wis. Stat. sec. 114.14 nor 49 U.S.C. sec. 40116 provide for a private right of action, the district court erred in failing to retain jurisdiction over this claim and dismissing it as a matter of law. While we could remand the claim to the district court for its consideration, such action is unnecessary because an outright dismissal of the claim, under either state or federal law, is clearly warranted. When a "claim plainly lacks merit, it is better [for the Court of Appeals] to resolve it on the merits rather than remand for a determination by the district judge . . . ." Korzen v. Local Union 705, Int'l Bhd. of Teamsters, 75 F.3d 285, 289 (7th Cir. 1996). See also Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 578 (7th Cir. 1989).

C.  Supplemental Claims

Having disposed of Miller's hybrid federal-state claim, we now turn to the County's argument that the district court abused its discretion when it remanded the remaining, supplemental claims to state court pursuant to 28 U.S.C. sec. 1367(c)(3).

At the outset of our analysis, we note that a district court's decision to "relinquish pendent jurisdiction before the federal claims have been tried is . . . the norm, not the exception, and such a decision will be reversed only in extraordinary circumstances." Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, 122 S.Ct. 62 (2001).

Nevertheless, we have created a number of exceptions to this general rule. The County argues that the procedural history of this case warrants the recognition of two such exceptions in this case. The first exception invoked by the County

could be properly characterized as the "preclusive effect" exception. In these cases, we have held that when "the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim there is no use leaving the latter to the state court." Wright v. Associated Ins. Companies, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). The second exception relied on by the County is based on judicial efficiency. In Wright, we held that a district court should also retain jurisdiction over supplemental claims when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." Id. See also Myers v. County of Lake, Indiana, 30 F.3d 847, 850 (7th Cir. 1994); Zepik v. Tidewater Midwest, Inc., 856 F.2d 936, 945 (7th Cir. 1988); Graf v. Elgin, Joliet and Eastern Ry. Co., 790 F.2d 1341, 1347-48 (7th Cir. 1986).

This case presents a good example of when a district court should exercise supplemental jurisdiction over pendent state law claims for reasons of judicial efficiency. The judicial resources expended by the district court in this case are considerable. The district court spent more than five years overseeing this multifaceted litigation. During this time, the district court considered 22 motions, held 9 hearings, and issued 19 orders, including the 71-page decision presently before us on appeal. Additionally, the district court's orders demonstrate a mastery of the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government. For these reasons, we conclude that a remand of the remaining supplemental claims would require a "duplication of effort" by the state court that undermines the very purpose of supplemental jurisdiction--judicial efficiency.

This does not, however, end our inquiry. The County also requests, in addition to reversing the district court's remand of the supplemental claims, that we dismiss Miller's four remaining supplemental claims as a matter of law. The County argues that the district court made several findings of fact in its final order which, if applied to these claims, disposes of them entirely. The district

court, however, suggested in its final order, albeit without explanation, that it believed genuine issues of material fact remain with respect to these claims.

Unlike the sec. 114.14/sec. 40116 claim, the resolution of which involved only questions of law, Miller's four remaining supplemental claims must be analyzed by applying the district court's findings of fact to applicable state law. This is a proper function of the district court, and we therefore decline the County's invitation to dispose of these claims on appeal. Instead, we remand both parties' remaining supplemental claims to the district court for its final consideration.

III.

The district court erred in remanding the remaining claims in this case to state court pursuant to 28 U.S.C. sec. 1367(c)(3). Accordingly, we Dismiss Miller's sec. 114.14/ sec. 40116 claim, and Reverse and Remand the district court's remand of the remaining supplemental claims to state court, with instructions to proceed in the manner outlined in this opinion.

FOOTNOTES

/1 On June 4, 2001, we issued an order, pursuant to Circuit Rule 31(d), permitting this appeal to be submitted on the brief of the appellant and the record, and without a brief or oral argument by the appellee.

/2 Miller sued Milwaukee County, the Milwaukee County Board of Supervisors (through its chairman and each individual supervisor), the Milwaukee County executive, the director of the Milwaukee County Department of Public Works, the Milwaukee County clerk, the Committee on Transportation and Public Works for Milwaukee County (through its chairman and each individual supervisor serving on the committee). The defendants will be collectively referred to throughout this opinion as "Milwaukee County" or the "County."

/3 The lease did provide, however, that such "approval shall not be unreasonably withheld, evidenced by resolution that has been fully adopted in all respects by its Board of Supervisors."

/4 A "fixed base operator" is "an individual

or firm operating at an airport and providing general aircraft services such as maintenance, storage, ground and flight instructions, etc." Order 5190.6A, Airport Compliance Requirements, DOT, Federal Department of Aviation (October 2, 1989).

/5 Miller's complaint, as amended in final form, included claims against the County for violations of: 49 U.S.C. sec. 47107, enforceable through 42 U.S.C. sec. 1983; U.S. Const. art. I, sec. 10, cl. 1 (i.e. the "Contracts Clause"), enforceable through 42 U.S.C. sec. 1983; 15 U.S.C. secs. 1, 2, enforceable through 15 U.S.C. sec. 15 (i.e. "Sherman Antitrust Act"); 49 U.S.C. sec. 40101, enforceable through 42 U.S.C. sec. 1983; U.S. Const. amend. XIV, sec. 1 (i.e. "Equal Protection" and "Due Process" Clauses), enforceable through 42 U.S.C. sec. 1983; Wis. Stat. sec. 133.03, enforceable through Wis. Stat. sec. 133.18 (i.e. "Wisconsin Antitrust Act"); "common law right not to have interference with prospective economic advantage;" state contract law (i.e. breach); state fraud law; state negligence law, and Wis. Stat. sec. 114.14 "subject to constraints [of]" 49 U.S.C. sec. 40116. [R53, 7-29]. The district court had jurisdiction over the federal claims pursuant to 28 U.S.C. sec. 1331, and the state claims pursuant to 28 U.S.C. sec. 1367.

/6 The district court dismissed Miller's claims brought pursuant to 49 U.S.C. sec. 47107, the Contracts Clause, as well as its federal and state antitrust claims.

/7 The district court dismissed Miller's 49 U.S.C. sec. 40101, due process, and equal protection claims in this order.

/8 The district court remanded to state court Miller's claims for "interference with prospective economic advantage;" breach of contract, fraud, negligence, and violation of Wis. Stat. sec. 114.14 "subject to" 49 U.S.C. sec. 40116.

/9 The district court also declined to exercise supplemental jurisdiction over the pendent state law counterclaims and third-party claims brought by the County against Miller and its majority partner, Air Vehicle Transportation, L.L.C., for breach of contract, breach of the duty of good faith and fair dealing, and fraud. It is unclear, however, from the County's notice of appeal or appellate brief, whether the County is asserting that the district court abused its discretion by remanding its supplemental claims to state court. Generally, in the absence of an assertion of error, we will not examine the

prudence of a district court's decision declining to exercise supplemental jurisdiction under sec. 1367(c). See, e.g., Myers v. County of Lake, Indiana, 30 F.3d 847, 850 (7th Cir. 1994). Nevertheless, Miller has not raised this point on appeal. Accordingly, Miller waived the waiver defense that it might have otherwise had with respect to the County's supplemental claims. See, e.g., Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481, 483 fn. 2 (7th Cir. 1997) (defense of waiver can be waived if opposing party fails to raise it).

/10 The County argues that the district court abused its discretion by remanding Miller's remaining claims to state court after making the following assertion in its final order: "In this case, the resolution of plaintiff's [remaining] claims involves disputed factual issues." R135, 69. The County contends that no genuine issues of material fact remain with respect to any of these claims because the district court's final order included findings of fact that negated an essential element of proof for each claim. As such, the County argues that, on remand, this unelaborated upon assertion will needlessly send the state court on a "wild goose chase" through a massive and complicated record. We agree with the County that the district court's assertion is unusual given the context in which it was made (i.e. the denial of the County's motion for summary judgment of Miller's remaining claims). However, because we reverse the district court's remand on separate grounds, we need not address the issue of whether the district court abused its discretion in remanding Miller's remaining claims after making the determination that "dis puted factual issues" remained with respect to these claims.

/11 District courts may also decline to exercise supplemental jurisdiction over a supplemental claim if: (1) "the claim raises a novel or complex issue of State law," (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," or (3) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. sec. 1367(c)(1), (2), (4).

/12 Miller's trial briefs are somewhat inconsistent in their characterizations of this claim. In one brief, Miller couches the claim as a hybrid federal-state claim. However, in a subsequent brief, Miller suggests that the district court may need to treat the claim as a federal cause of action.

/13 The district court came close to making

this very conclusion in its November 10, 1997 order, noting "this court has serious questions that this statute [sec. 114.14] with or without 49 U.S.C. sec. 40116 creates a private cause of action . . . ." R55, 22.

/14 See, e.g., Wis. Stat. sec. 114.14(3)(b), providing that "[t]he exercise of authority by the airport commission . . . shall be subject to all of the following conditions: 1. The public may in no case be deprived of equal and uniform use of the airport . . . ." (emphasis added).

/15 We also note that there are, to our knowledge, only four decisions that address, in any manner whatsoever, the purpose of sec. 114.14, none of which support a finding that the statute provides for an implied private right of action. See State v. Davis, 216 N.W.2d 31 (Wis. 1974); Courtesy Cab Co. v. Johnson, 103 N.W.2d 17 (Wis. 1960); Wussow v. Gaida, 29 N.W.2d 42 (Wis. 1947); Cedarhurst Air Charter, Inc. v. Waukesha County, 110 F. Supp. 2d 891 (E.D. Wis. 2000).

/16 In reaching this conclusion, we recognize that a previous decision of this circuit, Indianapolis Airport Auth. v. American Airlines, Inc., 733 F.2d 1262 (7th Cir. 1984), abrogated by Northwest Airlines, 510 U.S. 355 (1994), has been interpreted by other courts as assuming, without discussion, that the AHTA provides for a private right of action. See, e.g., Air Transport Ass'n of America v. City of Los Angeles, 844 F. Supp. 550, 553 n.2 (C.D. Cal. 1994). In Indianapolis, this court held that concession revenues must be taken into account in determining what airport fees to impose upon airlines under the AHTA. Indianapolis, 733 F.2d at 1266. While it is true that the plaintiff in Indianapolis brought a claim pursuant to the AHTA, and that the district court's ruling on this claim was appealed, this court did not explicitly hold that the AHTA contains an implied private right of action. The Indianapolis decision is devoid of any analysis that would support such a finding. Therefore, we can only surmise that the court in Indianapolis either assumed the existence of an implied private right of action in the AHTA as a result of the matter not being challenged on appeal (as was the case in Northwest Airlines, 510 U.S. at 365), or relied on jurisprudence that has since fallen into disfavor. See, e.g., Mallett v. Wisconsin Div. of Vocational Rehab., 130 F.3d 1245, 1248-49 (7th Cir. 1997) (noting that the Supreme Court's jurisprudence in recent years has taken a more restrictive view of implying private rights of action in federal statutes). In any event, subsequent Supreme Court decisions, like Sandoval (discussed herein), make it clear that a private right of action cannot be implied with

respect to the AHTA.

/17 Like the Tenth Circuit, we recognize that the First and Sixth Circuits have held that the AHTA, originally codified as 49 U.S.C. sec. 1513, creates an implied private right of action. See Interface Group, Inc. v. Massachusetts Port Auth., 816 F.2d 9, 16 (1st Cir. 1987); Northwest Airlines, Inc. v. County of Kent, Michigan, 955 F.2d 1054, 1058 (6th Cir. 1992), aff'd, 510 U.S. 355 (1994) (with the Supreme Court not reaching the question of whether the AHTA provides for an implied private right of action). We are, nevertheless, convinced that under current Supreme Court precedent (e.g. Sandoval) the AHTA does not contain an implied private right of action.

/18 Southwest Air Ambulance, 2001 WL 1230611 at *6.