In the

# United States Court of Appeals
## For the Seventh Circuit

No. 11-1268

RWJ MANAGEMENT COMPANY,
INCORPORATED, *et al.*,

*Plaintiffs-Appellees,*

*v.*

BP PRODUCTS NORTH AMERICA,
INCORPORATED, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 6141—**Rebecca R. Pallmeyer**, *Judge.*

ARGUED SEPTEMBER 8, 2011—DECIDED FEBRUARY 16, 2012

Before EASTERBROOK, *Chief Judge*, and BAUER and
SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This appeal arises out of contentious commercial litigation between BP Products North America ("BP") and two owner-operators of BP-franchise gasoline and convenience stores in the greater Chicago area. Begun as two separate actions in Cook County

Circuit Court, the cases were consolidated because they alleged identical claims under state franchise law stemming from BP's transition from company-owned stores to a franchise system. The litigation has been plagued by frequent changes in the claims for relief. When the franchise owners added a claim under the federal Petroleum Marketing Practices Act ("PMPA"), BP promptly removed the case to federal court. Extensive discovery followed, and in a fourth amended complaint, the franchise owners added a claim based on the Robinson-Patman Act.

By the eve of trial, however, all the federal claims were withdrawn, leaving only claims under Illinois law and one under Indiana law. With the federal claims gone, the district judge relinquished supplemental jurisdiction and remanded the case to Illinois state court. *See* 28 U.S.C. § 1367(c)(3). BP appealed, arguing that the case should have remained in federal court because the judge had sunk significant time into the case and was familiar with its history and facts, and because trial was to begin in just a few days.

We affirm. When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims. A general presumption in favor of relinquishment applies and is particularly strong where, as here, the state-law claims are complex and raise unsettled legal issues. In certain limited circumstances, a substantial investment of the federal court's time may over-

come the presumption, although we defer to the district court's judgment about when that threshold has been crossed. Here, the judge weighed the relevant factors and decided that the time she had spent on the case, though substantial, was not sufficiently related to the substance of the state-law claims to justify keeping the case in federal court. This was not an abuse of discretion.

## I.  Background

Starting in 2006, BP began converting many of its company-operated gas and convenience stores into franchisee-operated stores. From 2006 to 2008, companies controlled by Robert W. Juckniess, d/b/a RWJ Management Company, Inc. ("the RWJ plaintiffs"), purchased nine gas-station sites in the greater-Chicago area and one in northern Indiana; companies controlled by Nrupesh Desai ("the Desai plaintiffs") purchased seven sites in Chicago. As part of each deal, the companies entered into long-term contracts with BP for BP-supplied fuel and the use of BP's brand name and marks.

In July 2009 the RWJ plaintiffs sued BP in Illinois state court alleging violations of the Illinois Franchise Disclosure Act. That same month the Desai plaintiffs filed suit making the same allegations, and the cases were consolidated in Cook County Circuit Court. When the plaintiffs sought leave to file an amended complaint alleging violations of the PMPA, BP removed the consolidated cases to federal court.

Discovery ensued, but did not proceed smoothly. During the next 15 months, the district court held 35 hearings, issued 45 orders, and considered 70 motions. The parties compiled 21 volumes of discovery material. Along the way the judge held that the Desai plaintiffs had violated discovery rules and several court orders, but withheld judgment on the specific sanction. In a series of amended complaints, the plaintiffs shifted their claims for relief, adding a discriminatory-pricing claim under the Robinson-Patman Act and dropping their PMPA claim. A two-week trial on both the state and federal claims was scheduled to begin on January 18, 2011. Most of the claims would be tried to the court; the plaintiffs failed to preserve their jury-trial right on all but a single claim under Indiana franchise law regarding the station in northern Indiana.

At a pretrial hearing on January 7, 2011, the plaintiffs informed the court that they would not be pursuing their Robinson-Patman Act claim after all. The judge dismissed that claim. On January 12 the judge issued a short, tentative order regarding the parties' summary-judgment motions, reserving a final ruling until trial. At a hearing that same day, the judge observed that all the federal claims had fallen out of the case and noted the presumption in favor of relinquishing jurisdiction over the remaining claims to state court. The judge asked the parties if there was any reason to keep the case in federal court. BP urged the judge to retain the case, given the unique knowledge of the facts and legal issues she had acquired based on her year-long custody of the matter.

On January 13 the judge relinquished jurisdiction and remanded the case to state court. The judge relied on the presumption favoring remand and noted that her pretrial rulings in the case were not primarily focused on substantive legal issues relating to the state-law claims. BP appealed.

## II. Discussion

The supplemental-jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the choice is committed to the district court's judgment, we review only for an abuse of discretion. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

Although the decision is discretionary, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The presumption is rebuttable, "but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996); *see also Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater

expertise in applying state law, become paramount con-
cerns.").

We have identified certain circumstances that may
displace the presumption, namely:

> (1) the statute of limitations has run on the pendent
> claim, precluding the filing of a separate suit in
> state court; (2) substantial judicial resources have
> already been committed, so that sending the case to
> another court will cause a substantial duplication
> of effort; or (3) when it is absolutely clear how the
> pendent claims can be decided.

*Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514-15
(7th Cir. 2009) (internal quotation marks omitted). The
district court's evaluation of these case-specific factors
is entitled to substantial deference; we will reverse a
district court's decision to relinquish supplemental juris-
diction " 'only in extraordinary circumstances.' " *Contreras
v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (quoting
*Disher v. Info. Res., Inc.*, 873 F.2d 136, 140 (7th Cir. 1989));
*see also Kennedy v. Schoenberg, Fisher & Newman, Ltd.*,
140 F.3d 716, 728 (7th Cir. 1998) (A district court's deci-
sion to relinquish supplemental jurisdiction is "almost
unreviewable.").

This case focuses entirely on considerations of judicial
economy and potential duplication of judicial effort. BP
contends that the district court invested so much time
superintending this litigation that the presumption in
favor of relinquishment has been overcome. The district
court is the best judge of that; our review examines only
whether the court made "a considered determination

of whether it should hear the claims." *Miller v. Herman*, 600 F.3d 727, 738 (7th Cir. 2010). Here, the judge considered the relevant factors and determined that her work on the case was not so enmeshed in substantive issues of state law that the presumption in favor of remand should be set aside. That decision makes sense—especially where, as here, the claims remaining in the case include complex common-law business torts and claims for violation of state statutory franchise law.

BP relies heavily on *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722 (7th Cir. 2001), in which we reversed a district court's decision to relinquish supplemental state-law claims to state court for reasons of judicial efficiency:

> The judicial resources expended by the district court in this case are considerable. The district court spent more than five years overseeing this multifaceted litigation. During this time, the district court considered 22 motions, held 9 hearings, and issued 19 orders, including the 71-page decision presently before us on appeal. Additionally, the district court's orders demonstrate a mastery of the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government. For these reasons, we conclude that a remand of the remaining supplemental claims would require a "duplication of effort" by the state court that undermines the very purpose of supplemental jurisdiction—judicial efficiency.

*Id.* at 732.

The district court thought that *Miller Aviation* was distinguishable, and we agree. On the one hand, there's no question that these proceedings have been protracted. The district court held 35 hearings, considered 70 motions, and issued 45 orders, which on a numerical basis exceeds the district court's work in *Miller Aviation*. On the other hand, only one of the district court's rulings was substantive. In her order relinquishing jurisdiction, the judge noted that she had issued only a 10-page tentative ruling on the motions for summary judgment, whereas in *Miller Aviation*, the district judge had written "an exhaustive 71-page memorandum and order." *Id*. at 726. And this case has been in federal court just over fifteen months; in *Miller Aviation* the federal litigation consumed five years.

Evaluating considerations of judicial efficiency and duplication of judicial effort is not just a matter of toting up months or motions or the page counts of judicial orders. Rather, concerns about judicial economy have their greatest force when significant federal judicial resources have already been expended to decide the state claims, or when there is no doubt about how those claims should be decided. *Dargis v. Sheahan*, 526 F.3d 981, 990-91 (7th Cir. 2008); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

Here, the extensive pretrial activity was largely attributable to discovery disputes, not the merits of the state-law claims. In *Miller Aviation*, by contrast, the state and federal claims were substantively entangled. And the resolution of the state claims in this case is far from clear.

This litigation has seen five amended complaints and raises challenges under Illinois statutory and common law to the entire franchising system of a major company. Moreover, the Illinois franchise-law claims in particular are not the subject of a well-developed body of precedent. We have said that where the relevant state law is unsettled, the presumption in favor of relinquishment is particularly strong. *See Hansen v. Bd. of Trs.*, 551 F.3d 599, 608-09 (7th Cir. 2008); *Coe v. Cnty. of Cook*, 162 F.3d 491, 496 (7th Cir. 1998).

BP raises two additional factors specific to this case that it claims weigh heavily in favor of keeping the case in federal court. First, because one of the RWJ gas stations is located in northern Indiana, remanding to state court means that an Illinois judge will be required to apply Indiana law. Second, BP notes that the district court did not completely resolve the issue of discovery sanctions; an Illinois judge will have to decide this federal procedural question as well.[1] These factors, though rele-

---

[1] The supplemental jurisdiction statute permits the district court to decline to exercise jurisdiction over supplemental "claims." 28 U.S.C. § 1367(a). Perhaps the district court might have retained jurisdiction for the limited purpose of concluding the discovery-sanctions issue while relinquishing jurisdiction over the state-law claims. We need not address the matter here. It appears the judge overlooked the fact that she had not fully resolved the discovery-sanctions issue. This omission does not persuade us that the decision to remand was an abuse of discretion.

vant, do not convince us that the district court abused its discretion. The Illinois courts are fully capable of applying Indiana law and resolving the outstanding issue of which discovery sanctions are appropriate. Now that the federal claims are gone, the center of gravity in the case has shifted to Illinois franchise and tort law; these are issues ideally decided by an Illinois judge applying Illinois law.

Finally, BP complains that the case was remanded to state court just two business days before the two-week trial was scheduled to commence. As the district court held in its written order, however, that fact is insufficient to overcome the presumption in favor of remand. We have upheld district court orders relinquishing supplemental claims "*just before trial* after five years of discovery." *Olive Can Co., Inc. v. Martin*, 906 F.2d 1147, 1153 (7th Cir. 1990) (emphasis added); *see also Myers v. Cnty. of Lake, Ind.*, 30 F.3d 847, 848 (7th Cir. 1994) ("[D]ismissal of the federal claim on the eve of trial is not by itself sufficient to justify resolving the remaining claims in federal court." (citing *Olive Can Co.*, 906 F.2d at 1153)). The fact that the trial was near is not enough to displace the presumption in favor of remand.

In short, we find no abuse of discretion. While BP claims "the case should remain in federal court because the district judge was familiar with both the facts and the law of the case and the parties have undertaken discovery, these considerations are not adequate to make us 'second-guess' the district court's

decision to relinquish jurisdiction."[2] *Kennedy*, 140 F.3d at 728.

AFFIRMED.

---

[2] BP moved for leave to supplement the record with certain materials filed in state court following remand—in particular, the Desai plaintiffs' proposed *sixth* amended complaint purporting to add a federal civil-rights claim. The state-court docket reflects that this amendment has been denied. We deny the motion to supplement the record.