**GERBER PLUMBING FIXTURES LLC, Plaintiff,**

v.

**BRYAN, PENDLETON, SWATS AND MCALLISTER, LLC and Cheiron, Inc., Defendants.**

**Civil Action No. 15–CV–3168**

United States District Court, N.D. Illinois, Eastern Division.

Signed November 5, 2015

John M. O'Bryan, Michael F. Tomasek, Freeborn & Peters LLP, Chicago, IL, for Plaintiff.

Karla L. Johnson, Reed Smith LLP, Pittsburgh, PA, Melissa Ann Mickey, Reed Smith LLP, James Brandon Hiller, Ryan Thomas Brown, Brian M. Roth, Gordon & Rees LLP, Chicago, IL, for Defendants.

## ORDER

**CHARLES RONALD NORGLE,**
District Judge

Defendant Cheiron, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [30] is granted. This case is set for a status hearing on December 4, 2015.

### STATEMENT

Before the Court is Defendant Cheiron, Inc.'s ("Defendant") motion to dismiss Plaintiff Gerber Plumbing Fixtures LLC's ("Plaintiff") complaint against it, which alleges violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") and assorted violations of Illinois common law. The matter has been fully briefed. For the following reasons, Defendant's motion is granted.

As this case is before the Court on a motion to dismiss, the Court takes all well-pleaded facts as true, construes all reasonable inferences in favor of the plaintiff, and strikes any conclusory statements from the complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* 786 F.3d 510, 526 (7th Cir.2015); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A statement is conclusory when it does no more than recite the bare elements of the complaint, in a "defendant-unlawfully-harmed-me" fashion. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

The following facts are taken from Plaintiff's First Amended Complaint. From 2006 until February 6, 2009, Defendant provided actuarial services to Plaintiff s defined contribution plans, the Globe Valve Division—UAW Pension Plan and the Woodbridge Sanitary Pottery Division Pension Plan (collectively, the "Plans"). At all relevant times, federal law required these Plans to have at least three years' worth of liquidity. *See* 26 U.S.C.

§ 430(j)(4). At the same time, the law also required Defendant to certify parts of an annual report that stated either that the Plans were in compliance with the applicable federal liquidity requirements, or that the plans had a liquidity shortage. *See* 29 U.S.C. §§ 1021(d), 1023(d). If a plan has a liquidity shortfall, and does not correct the shortfall, the Internal Revenue Service ("IRS") is authorized to exact a 10% excise tax on the underfunded amount, in addition to other various fines and penalties. *See* 26 U.S.C. § 4971(f).

Plaintiff alleges that, starting in 2006, the Plans began to experience liquidity shortfalls. Plaintiff complains that Defendant failed to inform Plaintiff about the funding shortfalls and failed to disclose the shortfalls on the Plans' annual reports. Plaintiff did not learn about the liquidity shortfall until January 2013.

On April 10, 2015, Plaintiff filed its complaint against Defendant and Bryan, Pendleton, Swats and McAllister, LLC ("BPS & M"), alleging various violations of ERISA and Illinois' common law, all arising out of allegations that Defendant and BPS & M failed to report the liquidity shortfall to Plaintiff or the government. Subsequently, Plaintiff retained outside counsel to "file[ ] a request for a private letter ruling with the [IRS] asking for relief from the imposition of the excise taxes ...", which the IRS granted on July 16, 2015. First Am. Compl. ¶ 17.

Defendant now moves the Court to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Defendant makes two principal arguments regarding its motion to dismiss. Defendant argues initially that it is not liable for breach of fiduciary duty under ERISA because actuaries fulfilling purely actuarial roles are not plan fiduciaries, and thus, have no liability for breach of fiduciary duty under ERISA.

In order to state a claim for breach of fiduciary duty under ERISA, the defendant must be, *inter alia*, a fiduciary of the plan. 29 U.S.C. § 1109(a); *Nauman v. Abbott Labs.*, 669 F.3d 854, 859 (7th Cir. 2012). ERISA defines a fiduciary as a person that (i) "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," (ii) "renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so," or (iii) "has any discretionary authority or discretionary responsibility in the administration of such plan," which includes the fiduciary's assignees. 29 U.S.C. § 1002(21)(A). In an interpretive bulletin, the Department of Labor stated that "while attorneys, accountants, *actuaries* and consultants performing their usual professional functions will ordinarily not be considered fiduciaries, if the factual situation in a particular case falls within one of the categories described in [29 U.S.C. § 1002(21)(A)(i)–(iii) ], such persons would be considered to be fiduciaries within the meaning of [ERISA]." *See* 29 C.F.R. § 2509.75–5 (emphasis added).

Discretion is "[w]ise conduct and management exercised without constraint; the ability coupled with the tendency to act with prudence and propriety" or "[f]reedom in the exercise of judgment; the power of free decision-making." Discretion, *Black's Law Dictionary* (10th ed.2014); *see also David P. Coldesina, D.D.S., P.C., Emp. Profit Sharing Plan & Tr. v. Estate of Simper*, 407 F.3d 1126, 1132 (10th Cir. 2005) (quoting *Webster's Ninth New Collegiate Dictionary* 362 (1991)) ("Discretion exists where a party has the 'power of free decision' or 'individual choice.' "); *Krukowski v. Omicron Techs., Inc.,* No. 10 C 5282,

2011 WL 1303416, *6 (N.D.Ill. Mar. 31, 2011) (finding allegation that sponsor had authority to terminate plan's insurance policy sufficient to state claim against sponsor as a fiduciary). Furthermore, "the terms 'discretionary authority,' 'discretionary control,' and 'discretionary responsibility' in [29 U.S.C.] § 100[2](21)(A) speak[ ] to actual decision-making power rather than to the influence that a professional may have over the decisions made by the plan trustees she advises." *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 535 (7th Cir.1991) (collecting cases from the Third, Eighth, and Ninth Circuits). Ordinarily, the determination of whether a professional is a plan fiduciary "involves factual determinations." *Id.* at 538.

■ Here, Plaintiff argues that Defendant is a fiduciary because "Gerber or any other employer cannot reasonably be expected to retain any degree of fiduciary authority over something as highly technical as a liquidity shortfall determination, which is the sole province of the consulting actuaries." Pl. Gerber Plumbing Fixtures LLC's Opp'n Def. Cheiron, Inc.'s Mot. Dismiss Pl.'s First Am. Compl. 8 [hereinafter "Pl. Opp'n"]. Aside from the conjectural nature of this statement, Plaintiff's argument is contradicted by its complaint. Plaintiff alleges that "Defendant [ ] failed to *recognize, report and advise* Gerber of the existence of a 'liquidity shortfall'." First Am. Compl. ¶ 1 (emphasis added). When describing Defendant, Plaintiff notes that its mission "is—and always has been—'to *empower* benefit plan sponsors *to understand* and better manage their benefit programs....'" *Id.* ¶ 4 (emphasis added). Plaintiff also alleges Defendant "is in the business of *providing* and *analyzing* information for the *guidance* of its clients in fulfilling their obligations to maintain defined benefit pension plans" *Id.* ¶ 30 (emphasis added), and was hired to "*advis*[e] Gerber with respect to Plan funding obligations." *Id.* ¶ 32 (emphasis

added). Plaintiff's allegatory verbs (recognize, report, advise, empower to understand, provide, analyze, guide) are all words used to describe someone that is counseling another as to a given course of action. Plaintiff's allegations do not describe an entity that has the power to effect any changes to the Plans, only the power to influence. Plaintiff s complaint has no allegations of ownership, control, or discretion, save for two paragraphs, discussed below.

As its first allegation of Defendant's discretion, Plaintiff alleges, "Gerber relied solely on Cheiron's expertise to determine the appropriate Plan funding levels, giving special authority over the Plans' management and assets by allowing it to determine the Plans' funding needs." *Id.* ¶ 44. But the Seventh Circuit has rejected this type of claim—reliance on a professional's opinion does not render that professional a benefit plan's fiduciary. *See Pappas*, 923 F.2d at 535. Plaintiff's second allegation of discretion states "Cheiron was a Plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that it exercised discretionary authority respecting management of the Plans and exercised authority respecting management of their assets." *Id.* ¶ 45. This conclusory statement does nothing more than state the statutory definition of a fiduciary, *see* 29 U.S.C. § 1002(21)(A)(i), and is disregarded accordingly. See *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

In sum, the Court finds that Plaintiff has not sufficiently pleaded that Defendant is a plan fiduciary under ERISA's statutory framework. Accordingly, Plaintiff's

ERISA-breach-of-fiduciary-duty claim against Defendant is dismissed.

■ Next, Defendant argues that the Court should dismiss Plaintiff s claim related to Defendant's alleged erroneous reporting of the Plans' liquidity (mandated by 29 U.S.C. §§ 1021–1031), because there is no private right of action under ERISA for non-fiduciaries. Section 502 of ERISA, 29 U.S.C. § 1132, provides a civil enforcement mechanism for violations of Title I of ERISA. Plaintiff argues that ERISA's civil enforcement statute allows it to sue Defendant. ERISA's civil enforcement statute allows "a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan." *See* 29 U.S.C. § 1132(a)(3). But this provision of the statute only determines who may sue, not who may be sued; the Seventh Circuit has noted that, "While ERISA's civil enforcement provisions provide a cause of action for misstatements contained in reports filed with regulators, the only parties liable under these provisions are plan administrators and, under one provision, employers." *Pappas*, 923 F.2d at 539 (citing 29 U.S.C. §§ 1132(c)(1)–(3)). Moreover, the *Pappas* Court expressly refused to construct an implied private right of action for ERISA claims against non-fiduciary professional advisors. *See Pappas*, 923 F.2d at 539–40 (applying private-right-of-action factors in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) to the matter). Plaintiff also relies on *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir.1984), to support its indemnification allegation against Defendant. But the defendants in *Free* were trustees, whose liability was premised under Section 409 (29 U.S.C. § 1109)—a section wholly concerned with a *fiduciary's* obligations to the plan. *See id.* Plaintiff cites no case that allows a private right of action under ERISA against a non-fiduciary. Because—as shown above—Defendant is not properly alleged to be an ERISA plan fiduciary, claims against it under ERISA are improper and are therefore dismissed.

■ Dismissing Plaintiff's two ERISA claims against Defendant leaves three remaining claims under Illinois' common law. Relinquishing jurisdiction over supplemental state law claims is appropriate when "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir.2012). As the Court has dismissed all claims against Defendant over which it has original jurisdiction, the Court also dismisses all remaining state law claims against Defendant. For the foregoing reasons, Defendant's motion is granted.

IT IS SO ORDERED.