**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017[*]
Decided February 3, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3569

| | |
|---|---|
| ANTONIO DURAND, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-C-1183 |
| JOHN LITSCHER, et al., *Defendants-Appellees.* | William C. Griesbach, *Chief Judge.* |

## O R D E R

Employees of the state's Sex Offender Registry Program concluded that a Wisconsin statute enacted in 2009 mandates that Antonio Durand wear a GPS tracking device for the rest of his life because twice he had been convicted of a sex offense, most recently in 1993. In this action against several Program administrators and the Secretary of the state's prison system, Durand claims that, specifically as to him, GPS monitoring violates the Ex Post Facto Clause, U.S. CONST. art. I, § 10. He also contends that the

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide this case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

statute, as written, does not apply to him. The district court dismissed the action sua sponte, and Durand appeals.

Durand was convicted in 1983 of first-degree sexual assault, WIS. STAT. § 940.225(1) (1983–84). His sentence for that crime was discharged in 1988. Then in 1993 he was convicted of third-degree sexual assault, WIS. STAT. § 940.225(3) (1993–94). His sentence for this second sex offense was discharged in August 1997.

Meanwhile, in December 1993, Wisconsin had enacted a registration requirement for anyone imprisoned for, or later convicted of, first- or second-degree sexual assault. *See* WIS. STAT. § 175.45 (1993–94). That registration requirement was extended in 1995 to persons imprisoned for third-degree sexual assault. *See* WIS. STAT. § 301.45 (1995–96). Then, effective in July 2007, the state mandated lifetime GPS monitoring for persons released after conviction, or acquitted due to mental disease, of a "serious child sex offense." WIS. STAT. § 301.48 (2005–06). This tracking mandate soon was broadened to cover any person later released from incarceration in Wisconsin—for whatever crime—if that person has two or more convictions for a sex offense. WIS. STAT. § 301.48(2)(7), (7m) (2007–08); *see id*. § 301.46(2m)(am) (1995–96). Durand initially was unaffected by the tracking requirement, but in 2015 he was incarcerated after a repeat conviction for drunk driving. *See* WIS. STAT. § 346.63(1)(a). Prison officials alerted him that he would be required to wear a GPS tracker after his release in May 2016, prompting this lawsuit seeking damages and an end to GPS monitoring.

The district court apparently understood Durand's claims to arise under 42 U.S.C. § 1983 and Wisconsin law. The court reviewed the federal claim when presented with Durand's application to proceed in forma pauperis, *see* 28 U.S.C. § 1915(a)(1), (e)(2), and dismissed the action with a brief explanation:

> The Plaintiff complains that he is subject to an impermissible *ex post facto* law that requires him, as a sex offender, to register as a sex offender and wear a GPS tracking device. Such an argument is foreclosed by the Seventh Circuit's recent decision in *Belleau v. Wall*, 811 F.3d 929, 937 (7th Cir. 2016), where the court of appeals found: "A statute is an ex post facto law only if it imposes punishment. The monitoring law is not punishment; it is prevention."

On appeal Durand principally challenges the district court's reliance on *Belleau v. Wall* to reject his claim that GPS monitoring, as applied to him, violates the Ex Post Facto Clause. The challenge fails on two independent grounds. First, the law simply does not

have a retroactive effect on Durand. Wisconsin did not subject sex offenders to GPS monitoring until after Durand's sex crimes were committed, but the monitoring was triggered by his conviction for drunk driving in 2015. He committed that crime after the GPS monitoring law was passed. Increases in punishment of new crimes, even when based on crimes committed before enactment of the new legislation, do not violate the Ex Post Facto Clause. *United States v. Jordan*, 870 F.2d 1310, 1315 (7th Cir. 1989), citing *Gryger v. Burke*, 334 U.S. 728, 732 (1948); see also *Cox v. Hart*, 260 U.S. 427, 435 (1922) ("A statute is not made retroactive merely because it draws upon antecedent facts for its operation.").

Second, even if the GPS law could be deemed retroactive as applied to Durand, in *Belleau* we concluded that GPS monitoring is not punitive and thus Wisconsin's statute still would not violate the Ex Post Facto Clause. 811 F.3d at 937–38; *see Smith v. Doe*, 538 U.S. 84, 97–106 (2003) (concluding that Alaska's Sex Offender Registration Act, although retroactive, is not punitive and thus does not violate Ex Post Facto Clause); *Kansas v. Hendricks*, 521 U.S. 346, 368–71 (1997) (holding that civil commitment of compulsive sex offenders is not punishment); *Mueller v. Raemisch*, 740 F.3d 1128, 1133–35 (7th Cir. 2014) (Wisconsin's requirement that sex offenders update information and pay annual fee for sex-offender registry is not punishment). Durand seeks to distinguish *Belleau* because his GPS monitoring was triggered by release from incarceration for drunk driving, not a civil commitment imposed after the commission of sex offenses against children. But our opinion in *Belleau* does not turn on a temporal proximity between a prisoner's release and his sex crimes. Instead we concluded that GPS monitoring is about *preventing* future sex offenses, not punishing previous crimes. *Belleau*, 811 F.3d at 937; *see also Doe v. Bredesen*, 507 F.3d 998, 1004–07 (6th Cir. 2007) (concluding that newly enacted Tennessee statute authorizing GPS monitoring of previously convicted sex offender while still on probation did not violate Ex Post Facto Clause because statute was intended to be nonpunitive and its effects were not so punitive as to negate that intent).

In his complaint Durand also contended that the Wisconsin statute is being misapplied to him because, in his view, the monitoring requirement covers only persons convicted of sex crimes after its enactment. A district court may decline to exercise supplemental jurisdiction, and the presumption is that the court will do so if all federal claims have been dismissed before trial. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012). This is what we understand the district court to have done, and that decision was not an abuse of discretion. If Durand believes that, as a matter of state law, the monitoring requirement has been applied to him incorrectly, he still can seek relief in the Wisconsin courts. *See State ex rel. Kaufman v. Blechinger*, 862 N.W.2d 618 (Wis. Ct. App. 2015) (unpublished) (noting availability of

petition for writ of certiorari and action for declaratory judgment under WIS. STAT. § 806.04(2) to challenge application of GPS monitoring requirement); *State v. Brown*, 680 N.W.2d 833 (Wis. Ct. App. 2004) (unpublished) (entertaining postconviction petition challenging directive from Department of Corrections that petitioner register as sex offender). And for clarification, we modify the judgment to be without prejudice to any state-law claim available to Durand.

One other matter remains. In his notice of appeal, Durand asserts that the district judge should have recused himself from this litigation because he led Durand's prosecution in 1993 for third-degree sexual assault. That conviction, Durand notes, eventually caused the state to apply the registration and GPS statutes to him. The judge apparently overlooked his role in Durand's prosecution and the potential appearance of impropriety, and thus he did not analyze whether recusal was required under 28 U.S.C. § 455. *See United States v. Herrera–Valdez*, 826 F.3d 912, 918–19 (7th Cir. 2016); *United States v. Smith*, 775 F.3d 879, 881–82 (7th Cir. 2015). But in his appellate brief Durand says nothing about the judge's participation, and thus any appellate claim is waived. *See Roberts v. Columbia Coll. Chi.*, 821 F.3d 855, 862 n.2 (7th Cir. 2016) (noting that arguments omitted from appellant's opening brief are waived); *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 689 n.6 (7th Cir. 2014) (explaining that rules of waiver apply to pro se litigants). In any event, the judge's participation was harmless even if erroneous, since our review is de novo. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988) (recognizing that harmless-error review applies to violations of § 455(a)); *Williamson v. Ind. Univ.*, 345 F.3d 459, 464–65 (7th Cir. 2003) (concluding that failure to recuse was harmless in part because judgment was reviewed de novo on appeal).

We have reviewed Durand's remaining contentions, and none has merit. The judgment is modified to be without prejudice as to any state-law claim concerning the application of GPS monitoring, and, as MODIFIED, the judgment is AFFIRMED.