**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012[*]
Decided December 3, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-1342

| | |
|---|---|
| KHOR CHIN LIM,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:11-cv-00666-LA |
| BMO FINANCIAL GROUP, et al.,<br>    *Defendants-Appellees*. | Lynn Adelman,<br>*Judge.* |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2)(C).

No. 12-1513

KHOR CHIN LIM,                                    Appeal from the United States District
  *Plaintiff-Appellant*,                Court for the Eastern District of
                                                  Wisconsin.

  *v.*

                                                  No. 2:11-cv-00708-LA

GOH CHOK TONG, et al.                             Lynn Adelman,
  *Defendants-Appellees*.               *Judge*.


**O R D E R**

  Khor Chin Lim appeals the dismissal of two related cases in this consolidated appeal. Because Mr. Lim has failed to state any plausible claims upon which relief can be granted, we affirm the judgment of the district court.

  In the first case, Mr. Lim alleges that BMO Harris Bank ("Bank"), Goh Chok Tong, the former Prime Minister of Singapore, and Scott Walker, the governor of Wisconsin, conspired with fifteen unidentified persons to deny him access to the proceeds of a check for $26,300. On June 27, 2011, Mr. Lim had tendered that check for deposit into his checking account at Marshall & Ilsley Bank, a Wisconsin institution later purchased by the Bank of Montreal and merged into defendant BMO Harris Bank. Mr. Lim was given a deposit receipt showing an account number other than his own. It took two days for his online bank statement to reflect the inclusion of the deposited sum in his checking account. Even then the deposit transaction was labeled a "provisional credit deposit" as of the date Mr. Lim tendered the check to the Bank. Mr. Lim later amended his complaint to allege that the defendants had broken into his apartment and released toxic substances in retaliation for filing the lawsuit. Mr. Lim insists that this chain of events shows a variety of legal wrongs under state and federal law: fraud, breach of contract, interference with contractual rights, intentional infliction of emotional distress and violations of the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. §§ 4001-10, and the Check Clearing for the 21st Century Act, 12 U.S.C. §§ 5001-18. On the motion of the Bank, the district court dismissed the action on the ground that Mr. Lim's complaint failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The court also found Mr. Lim's claims to be factually frivolous.

  Mr. Lim filed the second action two weeks after he filed the first. In it he alleged that the same defendants identified in his first complaint conspired to break into his

apartment and install devices for electronic surveillance, in violation of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-12.  He also alleged that the information the defendants obtained from their illegal surveillance allowed them to break into his apartment and to release the toxic substances complained of in his earlier action and to commit various torts.  In dismissing this action, the district court concluded that Mr. Lim's complaint failed to state a claim because the FISA authorizes federal jurisdiction for a civil action only "if the person committing the offense was an officer or employee of the United States at the time the offense was committed," 50 U.S.C. § 1809(d), and none of the defendants is a federal officer or employee.  *See Al-Haramain Islamic Found., Inc. v. Obama,* 690 F.3d 1089, 1095 (9th Cir. 2012).  The court declined to exercise supplemental jurisdiction over the remaining state-law claims of assault, battery, nuisance, trespass and intentional infliction of emotional distress.  *See RWJ Mgmt. Co. v. BP Prods. N. Am.,* 672 F.3d 476, 479-80 (7th Cir. 2012) (explaining that a  district court should ordinarily decline to exercise supplemental jurisdiction if all federal claims have been dismissed).  The district court also found that Mr. Lim's claims were frivolous because no reasonable person could believe that these diverse defendants purposely united to harm Mr. Lim as he alleges.

In his appeal from the dismissal of the first action, Mr. Lim maintains that his claims should not have been characterized as frivolous because he did not proceed in forma pauperis and his factual allegations are, in his view, sufficient to state a claim upon which relief can be granted.  In his second appeal, Mr. Lim contends that it was inappropriate for the district court to consider the veracity of his allegations.  Mr. Lim also maintains that his claim of unlawful surveillance is actionable despite his complaint's failure to name a defendant who is a federal officer or employee.

We agree with the district court's resolution of both actions.  We affirm the dismissal of Mr. Lim's second action for the reasons set forth by the district court.  We note that in his first complaint, the closest he comes to stating a nonfrivolous claim is his contention that the Bank violated the EFAA, or state law, by withholding access to his $26,300 by designating it "provisional."

The EFAA imposes time constraints on how long a bank may limit access to funds from a deposited check; this time limit varies depending on the type of check.  *See* 12 U.S.C. § 4002; *see also Bank One Chi., N.A. v. Midwest Bank & Trust Co.,* 516 U.S. 264, 267 (1996).  Although Mr. Lim does not disclose what kind of check he tendered, no deposit may be withheld indefinitely, and the first $200 of any deposit must be available to the depositor the next business day.  *See* 12 U.S.C. § 4002(a),(b); *see also Tex. Liquids Partners, LLC v. Wells Fargo Bank, N.A.,* 2010 WL 4159483, at *2 (S.D.N.Y. Oct. 8, 2010) (unpublished decision).

In the usual case, a district court ruling on a motion to dismiss has only the plaintiff's complaint to evaluate, and we view the allegations contained in it as true and in the light most favorable to the plaintiff. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). But Mr. Lim did not give the district court only a complaint. Although he did not file anything captioned as a response to the motion to dismiss, Mr. Lim did file a motion for summary judgment on the same day that the Bank moved to dismiss his complaint. He asserted that his own declaration and other documents submitted in support of that motion conclusively established his right to relief. However, the addition of allegations and evidence actually demonstrates that he is not entitled to relief.

Mr. Lim alleges in his complaint that, when he deposited the check on June 27, 2011, the Bank initially placed the proceeds into a savings account ending in the numbers 7538, an account that did not belong to him. A deposit slip he submitted with his motion for summary judgment confirms the Bank's apparent mistake. Mr. Lim also submitted several other records from the date he tendered the check to the Bank for deposit. His online bank statements from June 30 and July 5, as well as his regular monthly statement dated July 11, show that on June 29 the Bank made an entry for a "provisional credit" to his checking account in the amount of $26,300. That same entry shows that it was "backdated" to June 27, that the "effective date" of the transaction was June 27 and that the balance of the account was increased by $26,300 on June 29. An e-mail from a bank employee dated July 12, 2011, assures Mr. Lim that the funds have been in his account and available for his use since June 29--two days after the deposit was made--and that the credit was coded as "provisional" so that the funds would become available immediately. Mr. Lim submitted this e-mail as evidence *supporting* his claims, and he does not assert that the Bank's explanation is false. Moreover, he demonstrated that the $26,300 was actually available. He avers, and his bank statements and deposit slips confirm, that on June 30, 2011, he "withdrew and then deposited the amount of $26,300.00, trying to make the sum of $26,300.00 available."[1] Nothing in his bank statements suggest that this cash withdrawal was conditional or that the immediate redeposit was provisional. Mr. Lim's bank statement dated July 7, 2011, shows that on June 29, immediately after the "backdated" entry was made, his account had a balance of $28,409; he made only one additional deposit of $780 before July 7, and yet by that date he had drawn down the account balance to $18,734.79. He could not have spent that much money in the eleven days after depositing the check if the deposit had remained unavailable to him because of its "provisional" status.

---

[1] R.25 at 3.

Given that Mr. Lim's own evidence makes clear that the entire amount of his check was available by June 29, 2011, the Bank could have incurred liability under the EFAA only if the check was a government check (where the deadline for availability would have been June 28), or if the bank had refused to release $200 to Mr. Lim "not later than the business day after the business day on which [the] funds [were] deposited" (June 28). 12 U.S.C. § 4002(a)(2). Mr. Lim does not allege in his complaint, or aver in the declaration submitted with his motion for summary judgment, that either possibility is true.

Although pro se complaints are construed liberally, Mr. Lim cannot escape the essential requirement that he plead a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 740 (2007); *see Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011). When evaluating a complaint under this standard, a district court is tasked with making a context-specific inquiry that relies on "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Given Mr. Lim's actual access to his funds, evidenced by his own declaration and bank statements, he has failed to state a plausible claim that the Bank violated the EFAA by denying him access to his funds. Considering his complaint as a whole and the evidence he submitted in support of his motion for summary judgment, it is not plausible that the Bank's complained of actions consisted of anything more than a clerical or computer error leading to his funds' initial deposit into the wrong account. The Bank corrected the error after notification and, as far as Mr. Lim's allegations and evidence show, without violating the time constraints of the EFAA.

We recognize that the evidence precluding Mr. Lim's successful allegation of EFAA claim was not submitted with his complaint, but the district court could properly consider Mr. Lim's additional information. A plaintiff opposing a motion to dismiss may seek to salvage his complaint by supplementing his claims with additional allegations and evidence. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). That is what Mr. Lim unsuccessfully attempted here.

Had Mr. Lim been able to plead a plausible claim under the EFAA, perhaps his state-law claims for conversion and breach of contract might have stayed alive as well. To recover for the tort of conversion, Mr. Lim must demonstrate that he had a right to possess the $26,300 when the Bank denied him access to it. *See Van Diest Supply Co. v. Shelby Cnty. State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (listing the elements of conversion under Illinois law); *H.A. Friend & Co. v. Prof'l Stationery, Inc.*, 720 N.W.2d 96, 100 (Wis. Ct. App. 2006) (listing the elements of conversion under Wisconsin law).[2] As we have noted, however,

---

[2] Mr. Lim's complaint does not indicate which state's law underlies his supplemental claims. In his motion for summary judgment, he asserts that those claims

Mr. Lim does not have a plausible claim that the Bank withheld his money longer than the EFAA allows, and he has alleged no other basis for his immediate entitlement to the funds. Thus he has not stated a plausible claim for conversion.

Similarly, to prevail on a claim for breach of contract, Mr. Lim must prove the existence of a valid and enforceable contract which the Bank breached and thereby caused damage. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (listing elements for breach of contract under Illinois law); *Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 553 (7th Cir. 2008) (listing elements for breach of contract under Wisconsin law). Mr. Lim has not alleged the existence of any contract between him and the Bank, let alone any terms which the Bank breached. If the contractual "breach" Mr. Lim alleges is something other than a violation of the EFAA, which we hold he did not sufficiently plead, he has never identified the relevant contract term that the Bank breached. His complaint therefore fails to state a plausible claim for relief and to put the Bank on notice of what contract Mr. Lim alleges it breached. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

District courts are authorized to dismiss frivolous lawsuits. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A frivolous claim is one that "no reasonable person could suppose to have any merit," *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000), and factual allegations are frivolous if they are "bizarre, irrational or incredible," *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007). Mr. Lim alleges an international conspiracy aimed at causing him physical, emotional and financial harm. He has failed to explain how any of the defendants are connected to the harms alleged or to each other and why they would conspire against him. Moreover, the factual scenarios underlying the claims are implausible.

Mr. Lim has been warned not once, not twice, but three times that frivolous litigation may subject him to sanctions. Now we add our own warning that pursuing frivolous appeals may subject him to sanctions in this court. *See* Fed. R. App. P. 38; *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002).

Accordingly, the judgments in both appeals are AFFIRMED.

AFFIRMED

---

arise under Illinois law. We are skeptical of that possibility, since Mr. Lim was a customer of a Wisconsin bank when he deposited his check at a Wisconsin branch of that bank. For simplicity, however, we refer to the law of both Illinois and Wisconsin.